IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>ELVIN PARADIS,<br><br>**Defendant** | CIVIL NO. 24-1514 (RAM) |

**OPINION & ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Mr. Elvin Paradis' ("Petitioner") *Motion For Reduction Sentence Pursuant to the Maritime Drug Law Enforcement Act (the "MDLEA"), 46 U.S.C. 70503(a)(1), 70506(b)* (the "*Petition*") as well as the United States' (the "Government") opposition thereto (the "*Opposition*"). (Docket Nos. 1 and 13, respectively). For the reasons set forth below, the *Petition* is **DENIED**.

I. PROCEDURAL BACKGROUND

**A. Criminal Case No. 22-132[1]**

On March 21, 2022, Petitioner and two other men were intercepted abroad a Go-Fast vessel approximately 133 nautical miles off Orangestad, Aruba. (Docket No. 121 at 15). When the three

---

[1] Any reference to a docket entry in this section will only refer to docket entries in Criminal Case No. 22-132. All subsequent references to the record will pertain to Civil Case No. 24-1514 unless stated otherwise.

men were intercepted, officers observed them jettisoning packages before the officers gained control of the vessel. Id. Thirty-three packages were recovered from the water, with the officers seizing a total of 798 kilograms of cocaine. Id. at 16. None of the three men claimed nationality for the vessel. Id. at 15-16.

On March 30, 2022, Petitioner was charged in a five-count indictment. (Docket No. 3). At a July 7, 2023 change of plea hearing, he entered a straight plea of guilty to three counts of violating the Maritime Drug Law Enforcement Act (MDLEA): conspiracy to possess with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (Count Three); aiding and abetting in the possession with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 (Count Four); and aiding and abetting the jettisoning of cocaine subject to forfeiture under 21 U.S.C. § 881(a) from a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a)(2) and 18 U.S.C. § 2 (Count Five). (Docket Nos. 54 and 121). He did not challenge the constitutionality of the MDLEA. (Docket No. 121). On December 13, 2023, Petitioner was sentenced to 108 months' imprisonment as to each count, served concurrently, and five years of supervised release. (Docket No. 74).

Between May and September 2024, Petitioner filed the *Petition*, a motion for relief under Amendment 821, and a motion for compassionate release; he did not file an appeal. (Docket Nos. 98; 100 and 107). The Court denied these motions. (Docket Nos. 109; 110 and 118). However, the Court noted that the *Petition*, while framed as a motion for a reduction in sentence, raised constitutional challenges to Petitioner's conviction. (Docket No. 100). The Court construed it as a petition for *habeas corpus* under 28 U.S.C. § 2255 and ordered that a corresponding civil case be opened for the *Petition*. Id.

### B. Civil Case No. 24-1514

On November 6, 2024, the *Petition* was refiled as part of Petitioner's civil case. (Docket No. 1). Petitioner argues that the Court lacks jurisdiction over him because § 70502(d)(1)(C) of the MDLEA violates international law and exceeds Congress' power under the Piracies and Felonies Clause. *See* id. at 1-2, 5. Petitioner argues that his due process rights were violated because his offense "bore no connection" to the United States. Id. at 5. Finally, he asserts that he did not waive the right to challenge the constitutionality of his conviction by entering a guilty plea. *See* id. at 4.

## II. STANDARD OF REVIEW

28 U.S.C. § 2255 states that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move

the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute provides for post-conviction relief "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citation omitted). "[A]part from claims of constitutional or jurisdictional nature, a cognizable section 2255 claim must reveal exceptional circumstances that make the need for redress evident." Id. (internal quotation marks and citation omitted). *See also* Lebrón-Martínez v. United States, Civil No. 18-1196, 2021 WL 3609658, at *2 (D.P.R. Aug. 12, 2021) (A petitioner's request for relief under § 2255 must show that their sentence reveals "fundamental defects which, if uncorrected, will result in a complete miscarriage of justice."). Petitioners must establish by a preponderance of evidence that they are entitled to relief under § 2255. *See* Barreto-Rivera v. United States, 887 F.Supp. 2d 347, 358 (D.P.R. 2012) (citation omitted).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003)

(citation omitted). Evidentiary hearings are unnecessary when a § 2255 petition "is inadequate on its face[.]" Id.

### III.  DISCUSSION

Neither party has requested a hearing, nor is one required. As a preliminary matter, Petitioner's claim is procedurally defaulted. No opinion from the First Circuit or Supreme Court holds the MDLEA to be unconstitutional, and Petitioner has not filed an appeal or previously challenged the constitutionality of the MDLEA.[2] See Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted); see also United States v. Dean, 231 F.Supp. 2d 382, 386 (D.Me. 2002) ("It is hornbook law that habeas review is not a substitute to direct appeal."); Rodriguez-Santana v. United States, Civil No. 04-1218, 2006 WL 2471515, at *4 (D.P.R. Aug. 24, 2006) (issues that a defendant "presented for the first time in this § 2255 motion" are procedurally defaulted). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice...or that he is actually innocent." Bouseley, 523 U.S.

---

[2] The Court notes Petitioner partially relies on United States v. Dávila-Reyes et al., 23 F.4th 153 (1st Cir. 2022). In that case, the First Circuit found Congress extended United States jurisdiction beyond the limits of international law and the Felonies Clause by enacting § 70502(d)(1)(C). However, the First Circuit reheard the case *en banc*, withdrew the 2022 opinion, and ultimately decided the case on narrower grounds that did not touch many of the international and federal law questioned raised by the Dávila-Reyes defendants. See United States v. Dávila-Reyes et al., 84 F.4th 400 (1st Cir. 2023) (*en banc*). The law Petitioner relies upon from the withdrawn Dávila-Reyes opinion is no longer good.

at 622 (citations and internal quotation marks omitted). Here, Petitioner does not show cause and actual prejudice or actual innocence and never acknowledges that he is procedurally defaulted. (Docket No. 1). The *Petition* can be denied for reason of default alone.

Even if Petitioner's claims were not defaulted, they still fail on the merits. The *Petition* acknowledges that "[i]t is only § 70502(d)(1)(C) that is at issue in this case." (Docket No. 1 at 6). As noted by the Government, Petitioner was not charged under § 70502(d)(1)(C)'s definition of a vessel without nationality, and this section of the MDLEA is not mentioned in the indictment or change of plea hearing. (Docket No. 13 at 4-5); *see also* Dávila-Reyes, 84 F.4th at 416 (finding the defendants' claim in their motion to dismiss an indictment, which argued that § 70502(d)(1)(C) was unconstitutional, fails when the indictment could not be read to rely exclusively on that portion of the MDLEA). The indictment and hearing only state that Petitioner committed the instant offenses "abroad," "on board," or "from" a "vessel subject to the jurisdiction of the United States," without specifically referring to § 70502(d)(1)(C). (United States v. Paradis et al., Criminal No. 22-132, Docket Nos. 1 at 3-4 and 121 at 9-11).

There is no indication that § 70502(d)(1)(C) applies to Petitioner, which essentially nullifies the bulk of the *Petition*'s arguments. Section § 70502(d)(1)(C) applies to situations where a

master or individual in charge of a vessel "makes a claim of registry" "for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." The change of plea hearing transcript states that "none of the individuals" on Petitioner's vessel "claimed nationality for the vessel," which does not align with the plain language of § 70502(d)(1)(C). (United States v. Paradis et al., Criminal No. 22-132, Docket No. 121 at 15-16). Other provisions of § 70502(d)(1)[3] show that Petitioner was aboard a stateless vessel to which the MDLEA applies. The Court agrees with the Government that Petitioner's situation aligns more closely with § 70502(d)(1)(B), which defines a "vessel without nationality" as one where a "master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel." Furthermore, Petitioner admitted to being abroad a vessel subject to the jurisdiction of the United States at his change of plea hearing, undercutting and arguably foreclosing his arguments that the vessel he was on did not fall

---

[3] The Court notes that 46 U.S.C. § 70502(d)(1) is not an exhaustive list of ways a vessel without nationality could fall under the MDLEA. See Dávila-Reyes, 84 F.4th at 416 ("the use of the word 'includes' in § 70502(d)(1) makes clear that 'the listed examples' set forth in that section 'do not exhaust the scope of [§] 70502(d)' in defining a 'vessel without nationality.'"). As the *Petition* focuses on challenging the constitutionality of § 70502(d)(1)(C), the Court does not engage in a deeper discussion of the ways § 70502(d)(1) could apply to Petitioner.

under United States jurisdiction. (United States v. Paradis et al., Criminal No. 22-132, Docket No. 121 at 9-11).

Petitioner incorrectly asserts that § 70502(d)(1)(C) and the larger MDLEA are invalid because Congress went beyond "international law in its scope" when enacting § 70502(d)(1)(C). (Docket No. 1 at 6). The First Circuit has found the MDLEA to be "fully consistent with international law." United States v. Clark, 266 F.Supp. 3d 573, 582 (D.P.R. 2017) (citing United States v. Bravo, 489 F.3d 1, 7 (1st Cir. 2007)). Even if the MDLEA was inconsistent with international law, it is immaterial because "Congress is not bound by international law" and "may legislate with respect to conduct outside the United States, in excess of the limits posed by international law." Id. (citations and internal quotation marks omitted). Petitioner's arguments to the contrary primarily rely on United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), and other Eleventh Circuit cases without precedential value in this District. (Docket No. 1 at 2-3).

Finally, Petitioner argues his due process rights were violated because there was "no evidence" that the drugs at issue in the underlying criminal case "were destined" for the United States, or that "the offense would have a direct and foreseeable effect within" the United States. Id. at 5, 12-13. This argument is waived as it is both underdeveloped and contradicted by existing law. *See* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)

("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); United States v. Nueci-Peña, 711 F.3d 191, 196-98 (1st Cir. 2013) (the Piracies and Felonies Clause "does not explicitly require a nexus between the unlawful conduct committed on the high seas and the United States be established before Congress can punish that conduct"); Bravo, 489 F.3d at 7 (the First Circuit does "not read the MDLEA to require a jurisdictional nexus."). In sum, the *Petition* must be denied as Petitioner has not shown he is entitled to habeas relief. See Barreto-Rivera, 887 F.Supp. 2d at 358.

## IV. CONCLUSION

For the foregoing reasons, Petitioner Elvin Paradis' *Petition* at Docket No. 1 is **DENIED**. No certificate of appealability shall be issued as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner may still seek a certificate directly from the United States Court of Appeals for the First Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure. Judgment of **DISMISSAL WITH PREJUDICE** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of May 2025.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge